## IN RE AMERICAN GLUE COMPANY.

---

TRADEMARKS; SIMULATION OF INSIGNIA OF THE UNITED STATES.

1. A mark which simulates the Great Seal of the United States is expressly prohibited from registration as a trademark by sec. 5, of the

trademark act of February 20, 1905. (Following *Re Cahn, B. & Co.
ante*, 183, and *Re William Connors Paint Mfg. Co. ante*, 389.)

2. Under the trademark act of February 20, 1905, no person has a vested
   right to register as a trademark a simulation of the Great Seal of the
   United States, no matter how long he has used such mark in the past.
   (*Ibid.*)

No. 343. Patent Appeals. Submitted March 16, 1906. Decided
                        April 10, 1906.

HEARING on an appeal from a decision of the Commissioner
of Patents refusing to register a trademark.      *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Vere Goldthwaite* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice McCOMAS delivered the opinion of the Court:

This is an appeal by the American Glue Company from
a decision of the Commissioner of Patents refusing to register
an alleged trademark.  There is a pictorial representation of
the mark, and it is described in the application as follows:
"The trademark consists of the words 'New England', together
with a representation of a spread eagle holding in its talons
arrows and an olive branch and having a shield upon its breast."

The rulings of this court in *Re Cahn, B. & Co. ante*, 173, and
in *Re William Connors Paint Mfg. Co. ante*, 389, determine our
decision in this case.  The pictorial representation and the
words of description here more nearly simulate the Great Seal
of the United States than does the proposed trademark de-
scribed in the application in the last-cited case.

This court is slow to interfere with property rights, but, as
it has heretofore said in discussing the act of February 20,
1905, which prohibited registration of a trademark like this,
no person has had, in the sense of that act, an "exclusive use"
of the Great Seal of the United States, and no person can claim

a prescriptive right to use a mark prohibited by law. The Commissioner of Patents properly refused registration to the mark we are here considering.

Congress has declared the public policy respecting marks like this, and has concurred in the international convention opposing the use of national insignia as trademarks.

We cannot agree with the applicant's counsel that Congress intended to recognize a vested right in persons who had used such marks to continue to register them, and to prevent other citizens from registering other marks of the same class. The law which prohibits the use of such simulations of the Great Seal as we have here passed on is a law for all alike.

The clerk of this court will certify this opinion and the proceedings of the court in this cause to the Commissioner of Patents according to law.                          *Affirmed.*